WILLIAM F. BOCK, Corporation Counsel Racine County
You inquire as to the lawfulness of certain conduct by a private ambulance service, which you describe as follows:
 It has come to the attention of the Racine County Sheriff that a private ambulance service located in Milwaukee County has been operating within Racine County without the authorization of the Racine County Sheriff. This private ambulance service claims that it is not required to have written authorization from the Racine County Sheriff as it has already been authorized by the Milwaukee County Sheriff. Apparently, this private ambulance service monitors police bands where it learns of a need for an ambulance within Racine County and responds [unsolicited] to that need. On a number of occasions, this private ambulance service has arrived on the scene when rescue vehicles from various towns in the County of Racine have been called. At the scene, there is confusion on the part of victims and law enforcement as to who is authorized to respond.
For the purpose of responding to your inquiry, I am assuming that the vehicle or vehicles in question are usually kept in Milwaukee County and are authorized emergency vehicles under section340.01(3)(i), Stats., but are somehow able to timely respond to accidents or emergencies in Racine County.
It is my opinion that such conduct violates state law if the special privileges accorded emergency vehicles pursuant to section 346.03(2) are utilized when making an unsolicited response to an emergency call originating in your county.[1] *Page 215 
In order for an ambulance to be an authorized emergency vehicle, such designation must be obtained from the sheriff or someone else designated by the county board of the county in which the ambulance is usually kept. Section 340.01 provides in part as follows:
 (3) "Authorized emergency vehicle" means any of the following:
. . . .
 (i) Such ambulances which are privately owned and are operated by owners or their agents and which vehicles are authorized by the sheriff or others designated by the county board to be operated as emergency vehicles. The sheriff or others designated by the county board may make such authorization which shall be in writing and which shall be effective throughout the state until rescinded. The sheriff or others designated by the county board may designate any owner of ambulances usually kept in the county to operate such vehicles as authorized emergency vehicles. Such written authorization shall at all times be carried on each ambulance used for emergency purposes. The sheriff shall keep a file of such authorizations in his office for public inspection, and all other persons permitted to issue authorizations shall file a copy of all authorizations issued with the sheriff who shall keep them on file.
As section 340.01(3)(i) indicates, once the requisite designation is obtained in the county in which the ambulance is usually kept, it becomes an authorized emergency vehicle "throughout the state until rescinded." According to the committee notes accompanying chapter 260, Laws of 1957, reprintedin 39A Wis. Stats. Ann. p. 13 (West 1971), this designation "is important primarily from the standpoint of § 346.03 which grants special privileges to authorized emergency vehicles."
Section 346.03 provides in part as follows:
 (1) The operator of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions stated in subs. (2) to (5). *Page 216 
 (2) The operator of an authorized emergency vehicle may:
 (a) Stop, stand or park, irrespective of the provisions of this chapter;
 (b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;
(c) Exceed the speed limit;
 (d) Disregard regulations governing direction of movement or turning in specified directions.
Related statutes such as sections 340.01(3)(i) and 346.03(1) and (2) should be construed so as to give effect to their leading idea or purpose and should also be construed so as to avoid absurd and unreasonable results. 76 Op. Att'y Gen. 126, 130 (1987); DeMars v. LaPour, 123 Wis.2d 366, 372, 366 N.W.2d 891
(1985). According to the 1957 committee note, the leading idea or purpose behind these statutes is to permit operators of authorized emergency vehicles responding to emergency calls to do such things as proceed through stop signs and red lights, exceed the speed limit and disregard directional, turning and parking regulations where suitable and appropriate, but only "when responding to an emergency call" within the meaning of section346.03(1).
Section 990.01(1) requires that the term "when responding to an emergency call" be construed according to its commonly understood usage. In my opinion, that term is commonly understood to mean that there has been a specific or general request (usually by a law enforcement agency) for assistance from that emergency vehicle or from any or all authorized emergency vehicles of a given type within a particular area. That is, the statutory term does not connote under any circumstance an unsolicited response by a private ambulance service.
To construe the statute in a contrary fashion would lead to absurd and unreasonable results. If any and all private ambulances within a particular vicinity were statutorily authorized to proceed pell-mell to the scene of an accident or medical emergency absent any form of request whatsoever by a law enforcement agency or even a private citizen, confusion at the scene would result from the presence of multiple ambulances, and the possibility exists that additional accidents or injuries would result as multiple vehicles rushed to the scene of the accident or emergency. *Page 217 
Historically, the term "ambulance chasing" as applied to the practice of law connoted conduct that was ethically or even criminally prohibited. See Cohen v. Hurley, 366 U.S. 117 (1961);Anonymous Nos. 6 and 7 v. Baker, 360 U.S. 287 (1959). It is inconceivable that the Legislature has somehow revitalized that term by permitting private ambulances themselves to do the chasing.
I therefore conclude that a private ambulance that is an authorized emergency vehicle usually kept in an adjoining county may not make an unsolicited response to an emergency call originating in Racine County by using any of the special privileges enumerated in section 346.03(2).
DJH:FTC
[1] Although it would be inappropriate for me to construe federal statutes enforced exclusively by federal agencies, you may also wish to consult federal authorities in order to ascertain whether the conduct you describe violates the provisions of 47 U.S.C. § 605 (1984). Also see United Statesv. Fuller, 202 F. Supp. 356 (N.D. Cal. 1962). *Page 218