## Brian DENIL, Plaintiff-Appellant,
## v.

## INTEGRITY MUTUAL INSURANCE COMPANY, Debra H. Herlache, General Casualty Companies, Town of Lincoln, Employers Insurance of Wausau and County of Kewaunee, Defendants-Respondents.

Court of Appeals

*No. 85–2242. Submitted on briefs October 29, 1986.—Decided December 2, 1986.*

(Also reported in 401 N.W.2d 13.)

For plaintiff-appellant, Brian Denil, briefs were submitted by *Challoner Morse McBride* of *McBride & Cote* of Sturgeon Bay.

For defendants-respondents, Town of Lincoln and Employers Insurance of Wausau, a brief was submitted by *Russell Wilson* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

For defendants-respondents, Integrity Mutual Insurance Company and Debra A. Herlache a brief was submitted by *Randall J. Nesbitt* of *Pinkert, Smith, Koehn, Weir & Jinkins* of Sturgeon Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Brian Denil appeals a personal injury judgment that resulted in a net award of $51.58. He contends that the trial court's dismissal of his loss of consortium claim was error because the defendants' motion to dismiss was untimely, and that the lost consortium of a fiancee should be compensable under Wisconsin law. Denil also contends that the trial court erred by awarding costs to the defendants because their joint offer of judgment was ineffective to invoke the recovery of costs provisions of sec. 807.01(1), Stats. Because Denil's contentions are without merit, we affirm.

In early May, 1983, Brian Denil and his fiancee, Bonnie Kaye, were engaged to be married. They were passengers in a motor vehicle driven by Debra Herlache that was involved in an accident in the Town of Lincoln. Both Denil and Bonnie were injured. The couple was wed approximately two months later.

In February, 1984, Denil brought a personal injury action against Herlache and her insurer, Integrity Mutual, and the Town of Lincoln and its insurer, Employers Insurance of Wausau.[1] Denil sought to impose joint and several liability on the defendants for his personal injuries and the lost consortium of his wife, Bonnie. The four defendants made a joint offer of judgment of $2,500 pursuant to sec. 807.01(1)[2] Denil rejected the offer.

Trial commenced in mid-June, 1985. On the second day of trial, the court granted the defendants' motion to dismiss Denil's loss of consortium claim. The court determined that because Denil and Bonnie were unmarried when the accident occurred, public policy and Wis-

---

[1] Kewaunee County and General Casualty Companies were apparently dismissed by stipulation.

[2] Section 807.01(1), Stats., provides:

> After issue is joined but at least 20 days before the trial, the defendant may serve upon the plaintiff a written offer to allow judgment to be taken against the defendant for the sum, or property, or to the effect therein specified, with costs. If the plaintiff accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the plaintiff may file the offer, with proof of service of the notice of acceptance, and the clerk must thereupon enter judgment accordingly. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of judgment is not accepted and the plaintiff fails to recover a more favorable judgment, the plaintiff shall not recover costs but defendant shall recover costs to be computed on the demand of the complaint.

consin law precluded such a claim. Denil was awarded $1,960.85 for his injuries, medical expenses, and lost wages. Against this amount, the court offset the defendants' costs resulting in a net award of $51.58.

## *LOSS OF CONSORTIUM*

Denil maintains that the trial court erred by dismissing his loss of consortium claim.[3] He submits that the defendants' motion to dismiss was untimely. He points out that this motion was neither brought within the statutory time limits specified for such motions nor within those mandated by the trial court in its scheduling order. *See* secs. 802.06(2)(f) and 802.08(1), Stats. We conclude that Denil's procedural argument is without merit.

■

The defendants' motion to dismiss Denil's consortium claim was brought as both a motion to exclude further evidence of this claim and to preclude the jury from considering this question. A trial court has broad discretion in the conduct of a trial. *Wengerd v. Rinehart*, 114 Wis. 2d 575, 580-81, 338 N.W.2d 861, 865 (Ct. App. 1983).

---

[3] Defendants argue that Denil has waived this issue because the trial court's oral order dismissing the consortium claim was not preserved through a motion for a new trial. An appeal from a final judgment brings before this court all nonfinal orders and rulings adverse to the appellant. Section 809.10(4), Stats.; *see also Dodge v. Carauna*, 127 Wis. 2d 62, 63, 377 N.W.2d 208, 209 (Ct. App. 1985). Moreover, to clarify existing law, we deem this issue sufficiently important as to merit review. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980).

A trial court may entertain a motion to exclude evidence during trial and may in its discretion accept motions outside the time parameters set forth in a pretrial order. *See State v. City of La Crosse*, 120 Wis. 2d 263, 268, 354 N.W.2d 738, 740 (Ct. App. 1984); *Carlson Heating, Inc. v. Onchuck*, 104 Wis. 2d 175, 180-81, 311 N.W.2d 673, 676 (1981); secs. 802.10, 802.11(4), Stats. Similarly, it is within the trial court's authority to decide whether a question should be submitted to the jury. *See Morgan v. Pennsylvania General Insurance Co.*, 87 Wis. 2d 723, 732-33, 275 N.W.2d 660, 665 (1979).

It was within the trial court's discretion to entertain the defendants' motion. Moreover, the motion did not prejudice Denil because a judgment would have properly excluded any damages that may have been awarded for loss of consortium to an unmarried claimant. *See* sec. 805.14, Stats.

Alternatively, Denil asks this court to create a loss of consortium damage claim for those engaged individuals whose prospective spouses are injured and who subsequently marry. Denil concedes that Wisconsin law does not recognize such a claim outside the marital relationship. Nevertheless, he argues that in a society of rapidly changing mores, an engaged couple suffers a meaningful loss when one of the parties is injured. Accordingly, Denil urges this court to hold that such a loss is compensable under our law. We decline to do so.

It is entirely possible that the fiancee of an injured person may suffer an actual loss of consortium. The concept of "consortium" includes love, companionship, society, sexual relations, support, services, and solace.

*Moran v. Quality Aluminum Casting Co.*, 34 Wis. 2d 542, 557, 150 N.W.2d 137, 144 (1967); Wis J I—Civil 1815 (1984). The question, however, is whether such loss is compensable under Wisconsin law. The answer to that question is clear and unambiguous. Such losses are not compensable.[4] *See Peeples v. Sargent*, 77 Wis. 2d 612, 643, 253 N.W.2d 459, 471 (1977).

If a loss of consortium claim were to be extended to include unmarried individuals, the certainty of who is entitled to prosecute such a claim is destroyed. *See generally Bell v. City of Milwaukee*, 746 F.2d 1205, 1247 (7th Cir. 1984). Friends and relatives may also suffer a loss of society and companionship when an endeared one is injured.[5] To compensate for such losses, however, would involve costs far beyond those society can afford. Public policy precludes broadening the scope of a consortium claim to encompass engaged individuals.

## JOINT OFFERS OF JUDGMENT

Denil argues that the trial court improperly granted costs to the defendants pursuant to sec. 807.01(1). This statute permits a defendant to recover costs if (1) the defendant has made an offer of judgment, (2) the offer is rejected by the plaintiff, and (3) the actual judgment

---

[4] *See also Utecht v. Steinagel*, 54 Wis. 2d 507, 515-16, 196 N.W.2d 674, 679 (1972). Other jurisdictions are in accord. *See Sawyer v. Bailey*, 413 A.2d 165, 166 (Me. 1980); *Wagner v. International Harvester Co.*, 455 F. Supp. 168, 169 (D. Minn. 1978).

[5] This court notes that in certain circumstances, a parent of an injured minor or a dependent child may maintain a claim for loss of society and companionship. *See Shockley v. Prier*, 66 Wis. 2d 394, 404, 225 N.W.2d 495, 501 (1975); sec. 895.04(2), (4), Stats. *But see Robinson v. Kolstad*, 84 Wis.2d 579, 582-84, 267 N.W.2d 886, 887-88 (1978), *appeal dismissed*, 441 U.S. 939 (1979).

awarded to the plaintiff is less than that previously offered by the defendant. The trial court determined that because Denil was awarded an amount less than that jointly offered by the defendants, the defendants were entitled to costs. Relying on the court's rationale in *DeMars v. LaPour*, 123 Wis. 2d 366, 366 N.W.2d 891 (1985), Denil contends that a joint offer of judgment by multiple defendants is ineffective to invoke the recovery of costs provisions of sec. 807.01(1).

We conclude that defendants who are jointly and severally liable may submit joint offers of judgments to an individual plaintiff under sec. 807.01(1). However, joint offers by defendants who are only severally liable do not invoke the provisions of this statute.

The construction of a statute is a question of law that is reviewed independently of the trial court's decision. *DeMars*, 123 Wis. 2d at 370, 366 N.W.2d at 893. In construing a statute, the court's primary goal is to determine and give effect to the legislature's intent. *Id.* A statute must be interpreted to avoid an absurd or unreasonable result. *Id.* A statute must be construed in light of its purpose. *Johnson v. Misericordia Community Hospital*, 99 Wis. 2d 708, 734, 301 N.W.2d 156, 169 (1981).

In *DeMars*, our supreme court interpreted sec. 807.01(3), Stats.[6] This subsection permits a plaintiff to

---

[6] Section 807.01(3), Stats., provides:

After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs. If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defen-

recover double costs if the plaintiff is awarded a more favorable judgment than the plaintiff's settlement offer made to, and rejected by, the defendant. The court determined that under the plain meaning of the statute, the use of the singular term "plaintiff" did not encompass joint offers of settlement by multiple plaintiffs. *DeMars*, 123 Wis. 2d at 371, 366 N.W.2d at 893-94. In so doing, the court refused to apply the general rule of statutory construction that the singular form of a term also signifies the plural form of that term. *Id.*; sec. 990.001(1), Stats. The court reasoned that the application of this rule would defeat the statute's underlying objective, that is, to encourage settlement of cases prior to trial and so lead to an absurd result. *DeMars*, 123 Wis. 2d at 371, 366 N.W.2d at 894-95.

The *DeMars* court noted that if multiple plaintiffs were permitted to make a joint offer of settlement under sec. 807.01(3), a defendant would be denied an opportunity to separately evaluate and settle each claim. Thus, a statute designed to encourage settlement would have had exactly the opposite effect. *DeMars*, 123 Wis. 2d at 371, 366 N.W.2d at 895. The court noted further that joint settlement offers "could exert unreasonable pressure on defendants to settle a case because of the leverage exerted by the possibility of an aggregate judgment in an amount greater than a joint settlement offer." *Id.* The court concluded that it was not the legislature's intent to force a defendant to settle but, rather, to encourage him to do so. Our supreme court has directed

---

dant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

that sec. 807.01 is to be construed so as to accomplish its underlying purpose, and we shall do so in interpreting the statute.

*Offers by Defendants Jointly and Severally Liable*

The court's rationale in *DeMars* does not apply when multiple defendants, jointly and severally liable, submit a joint offer of judgment to an individual plaintiff possessing but a single claim for which compensation is sought. The plaintiff is concerned with the value of his or her claim without regard to the source of the settlement proceeds. The evaluation of an offer of judgment fairly representing the total value of the plaintiff's claim is not affected by the fact that the offer is made jointly by more than one defendant. The plaintiff's claim has no more or less value whether the offer is submitted by the defendants separately or jointly.

Unlike the defendant presented with a joint offer of settlement, a plaintiff is fully able to evaluate his or her claim when multiple defendants submit a joint offer of judgment.[7] On the basis of this evaluation, a plaintiff is free to reject a joint offer of judgment if the plaintiff believes that a more favorable judgment will be gained through trial.

Further support for this conclusion is found by examining the effects of joint and several liability

---

[7] Denil maintains that he was unable to accurately evaluate his claim because he was unaware that the court would dismiss the loss of consortium claim at trial. This argument has no merit. The defendants' answer and the affirmative defense raised by Employers put Denil on fair notice that his right to damages under this claim was in dispute. Both during and after trial, defendants could have effectively sought dismissal of this claim. Section 805.14, Stats. Thus, Denil was fully able to evaluate the probability of success on this claim and whether he would receive a judgment surpassing that offered by the defendants.

existing under Wisconsin law. *See, e.g., Chart v. General Motors Corp.*, 80 Wis. 2d 91, 258 N.W.2d 680 (1977). If required to make individual offers of judgment, two defendants, jointly and severally liable, would recover costs under sec. 807.01(1) only if each defendant submitted a separate offer equaling the total value of the plaintiff's claim. This is so because under joint and several liability, each defendant's offer would be measured against the total judgment awarded to the plaintiff.

Such a construction of sec. 807.01(1) would defeat the legislature's intent and the statute's purpose to encourage settlement. A defendant would not make an offer of judgment for more than his fair share of a plaintiff's damages. Nor is there an incentive for a defendant to make an offer equaling his proportionate share of a plaintiff's damages if there is little possibility of the recovery of costs under sec. 807.01(1). This is the same absurd result the court sought to avoid in *DeMars*. 123 Wis. 2d at 371, 336 N.W.2d at 894-95.

Accordingly, when a plaintiff seeks to impose joint and several liability on multiple defendants, "defendant" as used in sec. 807.01(1) must be read within the context of the general statutory rule of construction that the singular includes the plural. Section 990.001(1), Stats. Thus, "defendant" within sec. 807.01(1) is equivalent to "defendants." Such a construction of sec. 807.01(1) furthers the statute's underlying objective to encourage settlement prior to trial.

### Offers by Defendants Severally Liable

On the other hand, the court's rationale in *DeMars* does apply to defendants whose liability is only several. Joint offers of judgment by multiple defendants who are only severally liable to a plaintiff would defeat the stat-

ute's purpose in the same way as would joint offers from multiple plaintiffs. When presented with such an offer, a plaintiff is denied an opportunity to separately evaluate each defendant's offer of admitted liability and so settle the plaintiff's claim with that defendant. *See DeMars*, 123 Wis. 2d at 371, 366 N.W.2d at 893–911.

Moreover, if defendants only severally liable to a plaintiff were permitted to submit joint offers of judgment, the same unreasonable economic pressure as noted in *DeMars* might be brought to bear on a plaintiff. When faced with the possibility of each of the defendants being awarded costs, the aggregate costs could be substantial. Consequently, a plaintiff may feel forced to accept a joint offer of questionable appropriateness rather than run the risk of receiving a less favorable judgment through trial. *See id.* Such a result is inconsistent with the legislature's intent to encourage rather than force dispute settlement. *Id.*

The joint offer of judgment made to Denil by the two defendants, who were jointly and severally liable, falls within the recovery of costs provisions of sec. 807.01(1). The trial court correctly awarded costs to each defendant under the terms of this statute.

*By the Court.*—Judgment affirmed.