Grant SMITH, Plaintiff-Respondent,

v.

Samuel A. KELLER, a/k/a Ray Keller, and State Farm Fire & Casualty Company, Defendants-Respondents-Co-Appellants,

EMPLOYER'S HEALTH INSURANCE COMPANY, Defendant-Respondent,

STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellant.

Court of Appeals

*No. 88–1568. Submitted on briefs April 14, 1989.—Decided June 7, 1989.*

(Also reported in 444 N.W.2d 396.)

On behalf of the defendant-appellant, State Farm Fire & Casualty Company, the cause was submitted on the briefs of *Penelope D. Hillemann* and *Sean N. Duffey* of *Schulz, Schapekahm & Eiche, S.C.* of Milwaukee.

On behalf of the defendants-respondents-co-appellants, Samuel A. Keller, a/k/a Ray Keller, and State Farm Fire and Casualty Company, the cause was submitted on the brief of *James O. Conway* of *Chase, Olsen, Kloet & Gunderson* of Sheboygan.

On behalf of the plaintiff-respondent, Grant Smith, the cause was submitted on the brief of *Mark S. Williams* of *Lieuallen & Williams* of Port Washington.

On behalf of plaintiff-respondent, Grant Smith, and the defendant-respondent, Samuel A. Keller, a/k/a Ray Keller, the cause was submitted on the brief of *Perry P. Lieuallen* of *Lieuallen & Williams* of Port Washington and *Eric E. Eberhardt* of *Runkel, Ansay & Eberhardt* of Port Washington.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.  State Farm Fire & Casualty Company (State Farm) appeals from a judgment awarding damages to Grant Smith. State Farm raises issues regarding the coverage afforded under its homeowner's insurance policy issued to Samuel A. Keller. We con-

clude that State Farm was entitled to summary judgment because the facts indisputedly showed that Keller expected or intended to hit Smith. As a result, the jury was improperly given special verdict questions on a negligence theory, the answers to which prevented a jury determination on the issue of battery. We therefore reverse and remand for a new trial limited to the battery issue.

Keller and State Farm also appeal from the portion of the judgment which awarded double costs and prejudgment interest to Smith pursuant to sec. 807.01(3) and (4), Stats. We reach this issue because it is likely to be raised again if Smith is successful upon retrial. We conclude that Smith's offer of settlement was insufficient to trigger the double costs provision.

On September 20, 1986, Keller struck Smith in the face under the incorrect assumption that Smith had made derogatory statements about Keller's wife. Smith sustained injuries which required surgery and replacement of his eye socket and a section of his cheekbone.

Smith sued Keller under alternative theories of intentional battery and negligence. Smith also sued Keller's wife and their homeowner's insurance company, State Farm, for negligence. Smith's subrogated health carrier, Employer's Health Insurance Company, was joined as an additional defendant.

On September 4, 1987, Smith sent each of the defendants an identical offer of settlement. It stated: "The above named plaintiff, Grant Smith, hereby offers to settle the above-entitled action for the sum of $25,000.00 Dollars, with costs." None of the defendants responded to the offer.

Prior to trial, State Farm moved for summary judgment and a ruling that there was no insurance coverage because Keller intended or expected to injure Smith.

The court denied the motions, ruling that material facts were in dispute.

The case went to trial on April 13, 1988. The trial court dismissed the claim against Keller's wife, finding that there was no credible evidence to find her negligent. At the close of the evidence, State Farm again moved to dismiss the cause of action for negligence, contending that Keller's actions were intentional rather than negligent. The court denied the motion. The case went to the jury on a special verdict form which asked the jury: (1) whether Keller was causally negligent; (2) if not, whether Keller committed a battery; (3) if battery occurred, whether Keller expected or intended to injure Smith; and (4) what damages Smith incurred.

The jury's verdict found that Keller had been negligent and that his negligence caused Smith's injuries. The jury awarded Smith $25,000 for past pain and suffering and made no award for future pain and suffering. Along with stipulated amounts for lost wages and medical costs, the total verdict was $32,318.06.

On motions after verdict, State Farm moved the court to change the special verdict answers to findings of: (1) battery, rather than negligence; and (2) expected or intended injury. The motion was denied. The court also found that Smith's prior offer of settlement was in accordance with sec. 807.01, Stats., and awarded double costs and prejudgment interest from the date of the offer. From this judgment, two appeals were filed: One appeal challenges the settlement issue, the other raises the coverage question. Additional facts will be stated as required.

## INSURANCE COVERAGE

State Farm appeals on the coverage issue with Smith and Keller responding.[1] State Farm argues that the trial court erred in refusing to grant its motions for: (1) summary judgment; (2) dismissal of the negligence claim at the close of the evidence; and (3) the changing of certain answers in the special verdict. We conclude that State Farm was entitled to summary judgment because the undisputed facts show that Keller intended or expected to cause Smith injury. As a result, the jury was inappropriately given special verdict questions on negligence, the answers to which precluded determination of the battery issue. We therefore remand for a new trial limited to the issue of whether a battery was committed.

We apply the same summary judgment standards as the trial court. *Kremers-Urban Co. v. American Employers Ins. Co.,* 119 Wis. 2d 722, 733, 351 N.W.2d 156, 162 (1984). There must be no genuine issues of fact and the moving party must be entitled to judgment as a matter of law. Because our review is *de novo,* we need not give deference to the trial court's conclusion that there are disputed material facts. *See Poirier v. Peoples State Bank,* 142 Wis. 2d 269, 272, 418 N.W.2d 631, 632 (Ct. App. 1987). However, we are mindful of our own obligation not to resolve issues of fact, but to determine only if they exist. *Kremers-Urban,* 119 Wis. 2d at 734, 351 N.W.2d at 163.

State Farm based its summary judgment motion on a policy exclusion which denied coverage for injury which is expected or intended by the insured. In support,

---

[1] We will refer to the respondents as "Keller" throughout this section.

State Farm referred to Keller's deposition testimony that he struck Smith with a closed fist; that when he swung his fist in Smith's direction, he intended to hit him; that Keller did not think the blow would be absolutely painless; and that Keller assumed it would at least "sting" Smith.

Keller's attorney filed an affidavit in opposition. This affidavit contained deposition testimony that Keller was drinking on the night in question; that he did not think about whether the blow would cause Smith pain; that the punch was just a reaction to the statement he heard; that he did not know it would sting Smith; and that Keller did not intend to cause any specific injury to Smith, e.g., a broken bone. Also contained in Keller's deposition testimony is the assertion that Keller struck Smith because he thought Smith had made a derogatory statement regarding Keller's wife. Keller said he heard the statement, turned, saw Smith, pulled back his fist and hit him. Keller learned later that Smith was not the person who made the statement.

When we consider the above testimony in light of *Pachucki v. Republic Insurance Co.*, 89 Wis. 2d 703, 278 N.W.2d 898 (1979), we conclude that no issue of material fact remains.

We note first that *Pachucki* rejected a rule which would have excluded coverage only if the insured had specific intent to cause a specific injury. *Id.* at 707–14, 278 N.W.2d at 900–04. Therefore, the fact that Keller did not intend to specifically cause Smith's broken bone or eye injury, *disputed* though it may be, is not a *material* fact.

Examining the remainder of the deposition, it is undisputed that Keller intended to strike Smith. Keller's motivation may have been the statement he heard, but after that, Keller saw Smith, aimed for him, and hit him.

"[W]here a reasonable man in [Keller's] position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, *or even by the court,* as though he had intended it." *Id.* at 711, 278 N.W.2d at 902 (emphasis added) (quoting W. Prosser, *Handbook of the Law of Torts* sec. 8, at 32 (4th ed. 1971)). Such is the case here.

Hitting another person in the face is the type of act which is so certain to cause harm that the person who performed the act can be said to have intended the harm. *Id.* at 713, 278 N.W.2d at 903. The trial court even admitted as much when it ruled on the admissibility of "other acts" evidence for the purpose of showing that Keller knew that getting hit in the face causes pain.

> [T]he jury is instructed later . . . that anyone who strikes another person in the face, especially with a closed fist, can expect that it's going to cause some discomfort to the recipient . . ..

*Pachucki* relied in part on the case of *Clark v. All-state Insurance Co.,* 529 P.2d 1195 (Ariz. Ct. App. 1975). In *Clark,* a grant of summary judgment under nearly identical facts was upheld. *Id.* at 1196. The defendant struck the plaintiff in the face but later claimed that he did not intend to injure the plaintiff. *Id.* at 1196. The defendant struck the plaintiff in the face but later claimed that he did not intend to injure the plaintiff. *Id.* The court wrote:

> The contention of [the defendant] that he did not intend to injure [the plaintiff] does not make the question of intention an issue of material fact which must go to the trier of fact. Perhaps if [the defendant] maintained that striking [the plaintiff] was an accident, and that the blow itself was unintentional, sum-

271

mary judgment would be improper due to the dispute over a material fact. However, the act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm, and his statement to the contrary does nothing to refute that rule of law.

The fact that a state of mind is involved does not make summary judgment inappropriate . . .. The injuries to [the plaintiff], then, were a result of intentional action by [the defendant] and, under the policy, coverage is expressly negated.

*Id.* at 1196–97 (citations omitted).

Keller argues that this case is significantly different in that he made a mistake as to the identity of the person he hit. Although he intended to hit whomever made the derogatory statement, it was discovered later that Smith was not this person. Keller urges us to adopt the rationale of the Missouri Court of Appeals which held that an exclusionary clause did not apply when an assault occurred as a result of mistaken identity. *Curtain v. Aldrich,* 589 S.W.2d 61, 64–65 (Mo. Ct. App. 1979).

We reject this invitation for two reasons. First, no Wisconsin cases have yet to address this issue, and it is therefore best left for our supreme court to declare what the law should be in this situation.

Second, we observe a compelling factual distinction between *Curtain* and the case before us. *Curtain* involved an incident where the defendant, in his own home, struck his brother-in-law, the plaintiff, allegedly in the mistaken belief that he was a burglar. *Id.* at 62–63. If in fact the person had been a burglar, the defendant would have been privileged to use reasonable force. In our case, on the other hand, if Keller had actually suc-

ceeded in hitting the person who made the statement, it still would not have been a privileged act. *See Crotteau v. Karlgaard,* 48 Wis. 2d 245, 250, 179 N.W.2d 797, 800 (1970) (holding that oral abuse does not justify a battery). Mistake is only a defense if the defendant acts under the erroneous, albeit reasonable, belief that circumstances existed which would justify his conduct. *Prosser and Keeton on the Law of Torts* sec. 17, at 110 (W. Keeton 5th ed. 1984).

■

We therefore conclude that Keller, as a matter of law, intended or expected to injure Smith as that phrase is interpreted by *Pachucki.* Because State Farm was thus entitled to judgment as a matter of law, the trial court erred in not granting summary judgment.

A determination that Keller intended or expected to injure Smith and a determination that Keller was negligent in doing so are mutually exclusive. As a result, the jury was misled by having before it questions regarding the alleged negligence of Keller. Because the jury answered the negligence questions affirmatively, it was instructed not to answer the questions on whether a battery occurred or whether the injury was expected or intended. We therefore remand this case to the trial court for a new trial limited to these issues, as the damage portion of the verdict is not challenged.

### SETTLEMENT OFFER

Keller and State Farm argue that the trial court erred in awarding double costs under sec. 807.01, Stats.[2]

---

[2] Section 807.01, Stats., reads in relevant part:

(3) After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs.

The verdict was greater than the settlement amount proposed by Smith. This portion of the verdict is not challenged and need not be retried. Although this issue is not necessary to disposition of this appeal, it will likely resurface if Smith again obtains a judgment against Keller upon retrial. We therefore exercise our discretion to decide this issue in the interest of judicial economy.

Keller and State Farm contend that under the cases of *White v. General Casualty Co.,* 118 Wis. 2d 433, 348 N.W.2d 614 (Ct. App. 1984), and *DeMars v. LaPour,* 123 Wis. 2d 366, 366 N.W.2d 891 (1985), Smith's offer does not allow proper evaluation. Keller and State Farm point to the fact that Smith was suing Keller and his wife jointly on a negligence theory, but that the battery claim against Keller would result in several liability.

Smith responds that he was properly awarded double costs and interest because sec. 807.01, Stats., does not require him to make separate offers of settlement to each of the defendants nor separate demands based upon each theory of liability. He also contends that to require him to do so is unreasonable. Smith attempts to distinguish his position from the *White/DeMars* line of cases

If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

(4) If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

by asserting that those cases involved offers of settlement by multiple plaintiffs to a single defendant, whereas Smith is a single plaintiff making an offer of settlement to multiple defendants.

In *White,* this court stated that the purpose of sec. 807.01, Stats., was to encourage settlement. *White,* 118 Wis. 2d at 438, 348 N.W.2d at 617. We held that the statute was not applicable to a joint offer of settlement from multiple plaintiffs to a single defendant because it tends to force, rather than encourage, settlements. *Id.* at 439-40, 348 N.W.2d at 617. To hold otherwise would go beyond the legislative purpose of the statute and put defendants at an unfair disadvantage because of the risk that the aggregate judgment might be greater than the offer. *Id.* at 439, 348 N.W.2d at 617.

In *DeMars,* the supreme court held that sec. 807.01, Stats., requires separate offers of settlement from multiple plaintiffs to avoid absurd and unreasonable results. *DeMars,* 123 Wis. 2d at 373-74, 366 N.W.2d at 895. In declaring the joint offer of settlement by the plaintiffs to the defendants insufficient to trigger double costs, the court also held that the defendants were not required to request a breakdown of the offer. *Id.* at 374-75, 366 N.W.2d at 895. The defendants' only duty under the statute was to accept the offer in writing within ten days, if so desired. *Id.* at 375, 366 N.W.2d at 895.

A recent case involving multiple defendants held that joint offers from defendants who are jointly and severally liable invoke the provisions of sec. 807.01, Stats. *Denil v. Integrity Mut. Ins. Co.,* 135 Wis. 2d 373, 380, 401 N.W.2d 13, 16 (Ct. App. 1986). Joint offers by defendants who are only severally liable do not invoke the statute. *Id.* In this case, Smith sued Keller and his wife jointly and severally for negligence and Keller severally for intentional battery. Yet, Smith's offer of settle-

ment did not set forth the theory or theories under which settlement was being sought.

■

The same policy considerations in *Denil* for requiring separate offers *from* severally liable defendants apply to offers *to* those defendants. *See id.* at 383–84, 401 N.W.2d at 17. We conclude that, in order to trigger the operation of sec. 807.01, Stats., a plaintiff who is suing multiple defendants on multiple theories, of which at least one involves several liability, separate offers of settlement are required. We therefore reverse the double costs and prejudgment interest portions of the judgment.

The reasoning of the *White/DeMars* and *Denil* line of cases is applicable to the case at bar. A single offer of settlement to multiple defendants who could be either jointly or severally liable depending on the theory of liability puts the defendants at an unfair disadvantage. It tends to force settlements rather than encourage them. The defendants are put in the position of accepting the offer for fear that the aggregate judgment might be greater than the offer. Because only one offer was made, the defendants are unable to individually evaluate the offer under the applicable theory of liability so they might accept reasonable offers and reject unreasonable ones.

*By the Court.*—Judgment reversed and cause remanded.