Lisabeth Mari TESTA, by her Guardian ad Litem, James A. Drill, and Jerome Testa, Plaintiffs,

Susan E. TESTA, Plaintiff-Respondent,

v.

FARMERS INSURANCE EXCHANGE, and Blue Cross & Blue Shield of Minnesota, Defendants,

v.

Farrin L. ANDERSON, Larry W. Drier, and Rural Mutual Insurance Co., Defendants-Appellants.

Court of Appeals

*No. 91-0806-FT. Submitted on briefs July 1, 1991.—Decided August 20, 1991.*

(Also reported in 474 N.W.2d 776.)

297

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Daniel A. Enright* of

*Wilcox, Wilcox, Duplessie, Westerlund & Enright* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James A. Drill* and *Matthew A. Biegert* of *Doar, Drill & Skow, S.C.* of New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Farrin Anderson, Larry Drier and Rural Mutual Insurance Company (defendants) appeal a judgment awarding Susan Testa double costs and interest under sec. 807.01, Stats.[1] The defendants contend the trial court erred by holding a single offer of settlement to multiple defendants effective to invoke costs and interest under sec. 807.01. We conclude that because the single offer of settlement to the defendants could be fully evaluated by the offeree with respect to the offeree's own exposure, it is effective to invoke costs and interest under sec. 807.01. We affirm the trial court's judgment.

Anderson, a hired hand on Drier's farm, and Testa were involved in a collision on June 13, 1986. Anderson and Testa were approaching each other on the roadway when a forage box, which Anderson was pulling with a pickup truck, came loose and collided with Testa's car resulting in her injuries. It is uncontested that at the time of the accident, Anderson was within the scope of his employment. On October 6, 1989, Testa served an offer of settlement on the defendants. The offer stated that Testa would settle her claim for the sum of $135,000 excluding medical expenses on which a subrogation claim was being made, or $154,000 including such expenses. The amount of the offer was within the limits of Rural Mutual's insurance policy that covered Anderson and Drier and gave Rural Mutual control of the

---

[1] This is an expedited appeal under Rule 809.17, Stats.

litigation.[2]

The defendants did not accept the offer, and a trial ensued. The jury found Drier 20% negligent, Anderson 80% negligent and awarded Testa $253,808.26 in damages. Pursuant to sec. 807.01(3) and (4), Stats., the court granted Testa double costs and interest from the date of the offer.[3]

Defendants appeal the portion of the judgment awarding Testa double costs and interest, alleging that one offer of settlement to multiple defendants is ineffective to invoke the provisions of sec. 807.01, Stats. Whether an offer of settlement is effective for purposes of sec. 807.01 is a question of law that we review de novo. *Wilber v. Fuchs,* 158 Wis. 2d 158, 162, 461 N.W.2d 803, 804 (Ct. App. 1990).

The validity of an offer of settlement for purposes of invoking the double costs and interest provisions of section 807.01, Stats., was first addressed in *White v. General Cas. Co.,* 118 Wis. 2d 433, 348 N.W.2d 614 (Ct. App.

---

[2]Although Rural Mutual's insurance policy is not part of the record, portions of its policy provisions are referred to in the transcript of the hearing and are undisputed.

[3]Section 807.01(3) states in part: "[i]f the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs."

Section 807.01(4) provides in part:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid.

1984). In *White,* we held that sec. 807.01(3) and (4) does not apply to a joint offer of settlement from multiple plaintiffs to a single defendant. *White,* 118 Wis. 2d at 439–40, 348 N.W.2d at 617–18. We stated:

> [T]o include joint settlement offers [in the parameter of section 807.01(3) and (4)] might . . . unreasonably force defendants to settle a case because of the leverage exerted by the possibility of an aggregate judgment in excess of the joint settlement offer even though, as to individual plaintiffs in the lawsuit, a settlement offer would have been legitimately rejected.

*Id.* at 439, 348 N.W.2d at 617. Thus, we refused to include joint settlement offers in the purview of sec. 807.01(3) and (4) because such a construction would "overstep the purpose" of the statute by forcing instead of encouraging settlement of cases. *White,* 118 Wis. 2d at 439, 348 N.W.2d at 617.

Similarly, a single offer of settlement from multiple plaintiffs to multiple defendants has been held ineffective to invoke double costs and interest under sec. 807.01, Stats. *See DeMars v. LaPour,* 123 Wis. 2d 366, 369, 366 N.W.2d 891, 893 (1985). In so holding, the supreme court in *DeMars* relied on the *White* decision and the fact that the joint offer did not allow the defendants to fully evaluate each individual plaintiff's offer in determining whether to accept that offer. *DeMars,* 123 Wis. 2d at 373, 366 N.W.2d at 894–95.

However, in *Denil v. Integrity Mut. Ins. Co.,* 135 Wis. 2d 373, 380–82, 401 N.W.2d 13, 16–17 (Ct. App. 1986), we held that a joint offer of judgment by defendants, who were jointly and severally liable, to a single

plaintiff was effective to invoke the double costs and interest provisions of sec. 807.01, Stats., because the plaintiff was fully able to evaluate his claim. "The evaluation of an offer . . . representing the total value of the plaintiff's claim is not affected by the fact that the offer is made jointly by more than one defendant." *Denil,* 135 Wis. 2d at 382, 401 N.W.2d at 16. We cautioned, however, that a joint offer of judgment from defendants who are only severally liable to the plaintiff is not effective because the plaintiff would not be able to fully evaluate the offer with respect to each defendant's liability. *Id.* at 384, 401 N.W.2d at 17.

We have also addressed this issue in the context of an offer of settlement made by a single plaintiff to multiple defendants. *See Wilber,* 158 Wis. 2d at 164–65, 461 N.W.2d at 805. In *Wilber,* we held that the offer was ineffective to invoke the provisions of sec. 807.01, Stats., because the offer involved a single settlement figure and was not individualized to each of the defendants who were represented by different insurers. Consequently, each defendant could not evaluate the offer "from the perspective of that defendant's assessment of his or her own exposure." *Wilber,* 158 Wis. 2d at 164–65, 461 N.W.2d at 805.

As can be seen from these cases, the appellate courts have developed a standard to determine the validity of an offer of settlement or offer of judgment for purposes of invoking the double costs and interest provisions of sec. 807.01, Stats., namely, in order for the offer to be effective, the offeree must be able to fully and fairly evaluate the offer from his own independent perspective. *Wilber,* 158 Wis. 2d at 165, 461 N.W.2d at 805. Furthermore, where the offeree is the defendant, a full and fair

evaluation entails the ability to analyze the offer with respect to the offeree's exposure. *Id.* at 164–65, 461 N.W.2d at 805.

The defendants in this case argue that Testa's offer did not give each of them the ability to adequately evaluate their independent exposure and, therefore, under the holding in *Wilber,* the offer of settlement is ineffective to invoke the provisions of sec. 807.01, Stats. We agree that our present case is similar to *Wilber* in that a joint offer of settlement was made by one plaintiff to multiple defendants whose liability was joint and several. However, unlike *Wilber,* here the offeree was able to fully and fairly evaluate the offer of settlement with respect to its own exposure.

Rural Mutual is the only party that had a real interest with respect to the settlement offer. Anderson and Drier, who were jointly and severally liable to Testa, were covered under the same insurance policy. That policy was issued by Rural Mutual and gave it the right to control the litigation. Furthermore, the amount of Testa's settlement offer was within the policy's liability limits. Given these facts, Rural Mutual was the only party that had the right and ability to settle the case. Therefore, Rural Mutual is the "offeree" that the law dictates must be able to fully and fairly evaluate an offer of settlement with respect to its potential liability.

If the amount of the offer was not within the policy limits, the defendants' argument may have some validity because Rural Mutual would no longer be the only party with an interest with respect to the offer of settlement. Rather, there would be multiple defendants facing potential liability for the amount exceeding the policy limits. Under this scenario, the law requires individual offers of settlement to each defendant so each may eval-

uate the offer with respect to his or her potential liability. *See Wilber,* 158 Wis. 2d at 165, 461 N.W.2d at 805.

Additionally, we note that Anderson was acting within the scope and course of employment as Drier's agent at the time of the accident. Generally, an employer can be held vicariously liable for an employee's negligent acts committed during the scope of his or her employment. *Shannon v. City of Milwaukee,* 94 Wis. 2d 364, 370, 289 N.W.2d 564, 568 (1980). However, the employee may still be held personally liable. *Id.* This threat of personal liability on the part of Anderson does not exist where, as here, Anderson is covered under the employer's policy and the limits of liability in that policy are sufficient to cover the offer of settlement. Furthermore, if Anderson and Drier were represented by different insurance companies, each having the right to control the litigation with respect to their insured, or if Anderson and Drier were only severally liable to Testa, the holding in *Wilber* would control because more than one party would face potential liability. However, in this situation, Rural Mutual is the only party with an interest in the offer of settlement. Rural Mutual is the only party who must be able to fully and fairly evaluate it.

Rural Mutual had the opportunity to fully evaluate the offer with respect to its own exposure. Rural Mutual knew its potential exposure—the limits of liability under its policy. Consequently, Rural Mutual could have easily evaluated its potential exposure based on what it assessed as Anderson's and Drier's percentage of negligence contrasted with any potential contributory negligence on Testa's part, and compared that exposure to Testa's offer in deciding whether to accept the offer.

Because Rural Mutual had the opportunity to fully and fairly evaluate Testa's offer of settlement, the offer

was effective to invoke double costs and interest under sec. 807.01(3) and (4), Stats.

*By the Court*—Judgment affirmed.