Brandon C. Cue, Plaintiff-Appellant,

Dreyer HMO and Guarantee Trust Life Insurance Company, Plaintiffs,

v.

Carthage College, Preferred Risk Mutual Insurance Company, a foreign insurance corporation, Jack Synold and Peter Baranek, Defendants-Respondents.

Court of Appeals

No. 93–0557. *Submitted on briefs August 6, 1993.—Decided September 1, 1993.*

(Also reported in 507 N.W.2d 109.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert I. DuMez* of *O'Connor & Willems, S.C.* of Kenosha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Ronald P. Brockman* of *Heft, Staaden & Heft, S.C.* of Racine.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J.   This is a negligence action brought by Brandon C. Cue against Carthage College, its football coach, the assistant football coach, the team trainer and the college's insurer, Preferred Risk Mutual Insurance Company. Preferred Risk had policy limits of $1,000,000. The policy covered all of the defendants in this action.

Here, Cue simultaneously sent separate $100,000 offers to settle; one to an insurance company and one to

the multiple defendants. Both offers were refused, and the verdict exceeded $100,000. We hold that because no reasonable defendant would know whether Cue's offer to settle was for $100,000 or $200,000, Cue was not entitled to double costs and preverdict interest.

Cue submitted two offers of settlement on the same day, both for $100,000, and both were sent to the same defense counsel. One of the offers was directed to Preferred Risk and the other to the insureds. Neither offer was accepted.

The case went to a jury, and a verdict was returned for $125,000 for pain and suffering and $18,587.39 for past medical bills. Additionally, Cue was entitled to $714.75 on a subrogated claim. The jury assessed 75% negligence to the defendants and 25% to Cue. The total sum due to Cue was $100,369.23.

Cue moved for preverdict interest and double costs pursuant to sec. 807.01(3) and (4), Stats. These statutes provide, in part, that if the plaintiff tenders a written settlement offer at least twenty days before trial, the offer is not accepted, and the plaintiff recovers a judgment greater than the offer, the plaintiff is entitled to preverdict interest of 12% from the date of the offer until paid, plus double costs. The trial court denied the motion and Cue appeals.

Cue's argument that he is entitled to preverdict interest and double costs initially rests upon his reading of *Testa v. Farmer's Ins. Exchange,* 164 Wis. 2d 296, 474 N.W.2d 776 (Ct. App. 1991). *Testa* involved a suit against multiple defendants, including an insurer. The plaintiff submitted an offer to settle addressed to all of the defendants, which was refused. When the verdict exceeded the offer and the plaintiff asked the court to invoke the sanctions of sec. 807.01, Stats., the insurer balked. The insurer argued that one offer of settlement

177

to multiple defendants was ineffective to invoke the statute's provisions. *See Testa*, 164 Wis. 2d at 300, 474 N.W.2d at 778. This court rejected that argument, reasoning that since the insurer was the liability carrier whose policy covered all the other defendants, it was the sole defendant with the right and ability to settle the case. Therefore, the insurer was the "offeree" that the law dictates must be able to fully and fairly evaluate an offer of settlement with respect to its potential liability. *Id.* at 303, 474 N.W.2d at 779.

Cue argues that this case is analogous to *Testa*. Cue observes that, as was the case in *Testa*, Preferred Risk's policy covered all the other defendants. Also, as in *Testa*, the limits of liability are far in excess of the amount of his offer. Citing *Testa*, Cue concludes that Preferred Risk was the "only party that had a real interest with respect to the settlement offer" and was the offeree to whom the plaintiff's offer had to be addressed. *See id.*

■

Whether Cue's analysis is correct requires us to apply the facts of this case to sec. 807.01, Stats. The application of facts to the law is a question of law to which we owe no deference to the trial court. *Gonzalez v. Teskey*, 160 Wis. 2d 1, 7–8, 465 N.W.2d 525, 528 (Ct. App. 1990).

We disagree that this is a *Testa* case. *Testa* involved a single offer addressed to all of the defendants where only one defendant had the right to settle the case so long as it was under the policy limits. This case involves *two* separate offers, each for $100,000. Preferred Risk was not named on one of the offers and was the sole recipient of the other offer. The immediate problem here is that no one could know for sure if the offer to settle was for $100,000 or $200,000.

178

We read sec. 807.01, Stats., to require that if an offer to settle the case is made, it must state with clarity the sum it will take to settle the case. The point of an offer to settle is to avoid litigation so that a party might make its peace with certainty. The confusion inherent in the dual offers to settle in this case alone dooms Cue's claim.

Cue's multiple offers also left Preferred Risk in a situation where it did not have absolute certainty that by accepting *its* offer of settlement, it had performed its duty to its insureds. The settlement offer to Preferred Risk did not propose to release the insureds. We agree with Preferred Risk that it could simply not determine from the face of the offer whether Cue intended to pursue his claims against the insureds if Preferred Risk accepted the offer, paid $100,000 and was released. If it accepted the offer, it could still be required to defend its insureds if Cue pursued his claims against them. Moreover, it would expose itself to a bad faith claim for failure to settle within the policy limits as to the insureds' receipt of an offer to settle if the jury returned an award exceeding the policy limits. *See Warren v. American Family Mut. Ins. Co.*, 122 Wis. 2d 381, 385–86, 361 N.W.2d 724, 727 (Ct. App. 1984). We agree that the dual settlement offers were too confusing and uncertain to hold Preferred Risk responsible for sanctions under sec. 807.01, Stats.

Cue also contends that the offer made to the insureds is invalid pursuant to *Wilber v. Fuchs,* 158 Wis. 2d 158, 461 N.W.2d 803 (Ct. App. 1990). In *Wilber,* we held that an offer to settle, addressed to the defendants as a group, each of whom was alleged to be jointly and severally liable, with no one having sole ability and right to settle, was defective. *Id.* at 162–64, 461 N.W.2d

179

at 804–05. We reasoned that such an offer did not afford each defendant an opportunity to individually evaluate the offer from the perspective of that defendant's own exposure. *Id*. at 164, 461 N.W.2d at 805. Cue argues that because the offer to the insureds was invalid, the only valid offer was to Preferred Risk. Thus, we should impose the sanctions of sec. 807.01, Stats., on this basis.

We conclude that this argument is without merit. Whether the offer was legally invalid or not, the offer was still made and still lent confusion to the process.

Cue also argues that Preferred Risk's acceptance of the $100,000 offer would have been an accord and satisfaction of the entire suit, including all causes of action against the insureds. Cue claims that because he had a right of action against Preferred Risk only to the extent that he had the same right of action against the tortfeasors, the liability of Preferred Risk included the damages attributable to the insureds. Because the offer to settle was general as to the damages, Cue asserts that acceptance of it would have been sufficient to release Preferred Risk's insureds as well. Thus, the settlement would have acted as a complete accord and satisfaction of the entire dispute, including all claims against the insureds.

We agree with Preferred Risk, however, that accord and satisfaction principles do not apply here. Accord and satisfaction applies to situations where partial payment is made in full satisfaction of a disputed obligation by the debtor or on its behalf to the creditor and the creditor retains payment. *Flambeau Products Corp. v. Honeywell Information Systems, Inc.*, 116 Wis. 2d 95, 112, 341 N.W.2d 655, 664 (1984). Thus,

the doctrine applies to a qualified payment in full satisfaction. The offer to Preferred Risk was to release only Preferred Risk. Preferred Risk could reasonably have believed that any payment made in response to that offer would fully release only Preferred Risk. Therefore, accord and satisfaction principles are inapplicable in this instance since Preferred Risk could not be certain that its payment was in full satisfaction of all claims against not only it, but its insureds as well. We decline to accept Cue's accord and satisfaction argument.[1]

*By the Court.*—Order affirmed.

---

[1] Alternatively, Preferred Risk argues that sec. 807.01, Stats., is not applicable to the facts of this case because, subtracting the claim of the subrogated insurer in the amount of $714.75, the amount of actual recovery due to Cue is less than $100,000. Preferred Risk acknowledges that the subrogated insurer waived its claim for the money and that Cue thereby obtains that amount, but argues that the subrogated amount does not figure into the equation when determining whether the verdict exceeded the offer of settlement. Since we decide the case on other grounds, we decline to reach this issue.