James WHITE, Cindy White, Jennifer White, a minor, and Julie White, a minor, by their Guardian ad Litem, Michael J. Donovan, Plaintiffs-Appellants and Cross-Respondents,†

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, a domestic corporation, Lisa M. Kowalski and Jerome Kowalski, Defendants-Respondents and Cross-Appellants.†

Court of Appeals

*No. 83–303. Argued January 24, 1984.—Decided March 27, 1984.*
(Also reported in 348 N.W.2d 614.)

† Petitions to review and cross-review denied.

For the plaintiffs-appellants and cross-respondents, there were briefs by *Michael J. Donovan* and *Mark Schroeder* of *Hausmann, McNally & Hupy, S.C.* of Milwaukee. Oral argument by *Michael J. Donovan*.

For the defendants-respondents and cross-appellants, there was a brief and oral argument by *James R. Sommers* of *Hunter & Sommers* of Waukesha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. The Whites appeal from that part of a judgment denying them additional interest and double costs. The primary issue before us is whether sec. 807.01(3) and (4), Stats.,[1] applies to a joint settlement

---

[1] Section 807.01, Stats., provides in part:

(3) After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs. If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court.

offer made on behalf of individual family members in a personal injury lawsuit. We hold that the additional interest and double costs provisions of this statute do not apply to a joint settlement offer.

General Casualty Company of Wisconsin and Lisa and Jerome Kowalski also cross-appeal from the judgment based upon jury verdicts for damages in favor of the Whites. They claim certain of the damages awarded were excessive and that a new trial is therefore required. We find that there is credible evidence to support the verdicts. We, therefore, affirm the judgment of the trial court in its entirety.

This case arose out of claims brought by the members of the White family to recover damages for personal injuries suffered as a result of an automobile collision with respondent Lisa Kowalski. At the time of the collision, Lisa Kowalski was driving a car owned by her father, Jerome Kowalski, and insured under a motor vehicle liability insurance policy by General Casualty.

Because liability was not contested, only the issue of the amount of damages was scheduled for trial. Prior to trial, a joint offer of settlement was tendered to the respondents on behalf of all of the Whites for $96,319.26, the amount remaining on the liability policy issued to Jerome Kowalski by General Casualty. This offer was

---

If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

(4) If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

rejected by the respondents who, in a letter by their attorney, requested that the offer be broken down individually among the four White family members. The Whites never submitted separate offers.

The respondents subsequently made an itemized offer of settlement as follows: (a) James White—$62,500; (b) Cindy White—$1,000; (c) Jennifer White—$3,500, and (d) Julie White—$3,000. The Whites rejected this offer, and a trial on the issue of damages ensued.

The jury returned a special verdict awarding damages against the respondents as follows: (a) James White—$90,000; (b) Cindy White—$14,500; (c) Jennifer White—$10,000; (d) Julie White—$3,100, and (e) James White—$20,668.12 (the latter damages amount was stipulated to as past medical and hospital expenses of the entire White family).

Both parties filed motions after verdict. General Casualty and the Kowalskis moved, on a number of grounds, for a reduction in certain of the jury damage awards and, in the alternative, for a new trial. The Whites requested, *inter alia*, that the court grant the double costs and additional interest provided under sec. 807.01(3) and (4), Stats. The trial court entered judgment on the verdict for the Whites assessing the insurance policy limit of $96,319.26 against General Casualty and the balance of the jury awards against the Kowalskis.[2] The trial court denied all other motions, finding that the verdict was "amply and fully supported by credible evidence" and that the provisions of sec. 807.01

[2] The Kowalskis had filed a separate post-verdict motion requesting that the trial court determine that the insurance policy issued by General Casualty covered the total jury award of $138,268.12, not just the remaining policy limit of $96,319.26. The trial court denied the motion. The Kowalskis do not appeal separately from this denial but join General Casualty on cross-appeal in arguing that certain of the jury awards were excessive.

(3) and (4) were inapplicable to the case.[3] Both parties appeal.

On appeal, the Whites renew their post-verdict motion argument that the double costs and additional interest provisions of sec. 807.01(3) and (4), Stats., apply to the joint offer of settlement made in this case prior to trial. General Casualty and the Kowalskis again argue that the damages awarded to James, Cindy and Jennifer White were excessive and require a new trial.

## DOUBLE COSTS AND ADDITIONAL INTEREST

Because there is no authority on this issue, we must construe the provisions of sec. 807.01(3) and (4), Stats., in order to determine whether the double costs and additional interest specified by these subsections apply to a rejected joint settlement offer made on behalf of individual plaintiffs in a lawsuit.

Construction of a statute is a question of law subject to independent review by this court. *Barth v. Board of Education,* 108 Wis. 2d 511, 517, 322 N.W.2d 694, 697 (Ct. App. 1982). In construing a statute, the primary goal is to reach a reasonable construction which will effectuate the statute's purpose. *State ex rel. Melentowich v. Klink,* 108 Wis. 2d 374, 380, 321 N.W.2d 272, 275 (1982). The primary source of statutory construction is the language of the statute itself. *Kimberly-Clark Corp. v. Public Service Commission,* 110 Wis. 2d 455, 462, 329 N.W.2d 143, 146 (1983). If the statutory language is plain and clearly understood, that meaning must be given to the statute. *In the Matter of Athans,* 107 Wis. 2d 331, 335, 320 N.W.2d 30, 32 (Ct. App. 1982).

---

[3] The court did assess costs and interest against General Casualty. It simply rejected the request for the increased amounts set out under sec. 807.01(3) and (4), Stats.

However, so as to avoid unreasonable and absurd consequences, the plain meaning of the statute should not be extended without restriction. *State ex rel. Opelt v. Crisp*, 81 Wis. 2d 106, 116, 260 N.W.2d 25, 30 (1977).

The basic purpose of the provisions provided under sec. 807.01, Stats., is to encourage settlement of cases prior to trial. *Graves v. Travelers Insurance Co.*, 66 Wis. 2d 124, 140, 224 N.W.2d 398, 407 (1974). The Whites argue this purpose requires the conclusion that the double costs and additional interest provisions specified under sec. 807.01(3) and (4), Stats., apply to a joint settlement offer made by individual plaintiff family members. We do not read the statute to require such an application.

Section 807.01(3) and (4), Stats., provides in relevant part:

(3) After issue is joined but at least 20 days before trial, the *plaintiff* may serve upon the defendant a *written offer of settlement* for the sum, or property, or to the effect therein specified, with costs. . . . If the *offer of settlement* is not accepted and the *plaintiff* recovers a more favorable judgment, the *plaintiff* shall recover double the amount of the taxable costs.

(4) If there is an *offer of settlement by a party* under this section which is not accepted and *the party* recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% . . . . [Emphasis added.]

The plain language of these provisions indicates that double costs and additional interest are recoverable if an individual offer of settlement made by a single plaintiff or party is rejected by the defendant and that particular plaintiff or party is subsequently awarded a greater judgment. The plain language does not contemplate an extension of this meaning to include a joint settlement

offer made by a group of plaintiffs or parties involved in the same lawsuit.

We are aware of the general rule of statutory construction that singular terms in a statute include the plural form of the term. Sec. 990.001(1), Stats. However, we decline to follow the rule because we find that a construction in accordance with it would lead to a result inconsistent with the statutory intent. Sec. 990.001. A construction extending the statute to include joint settlement offers would lead to an unreasonable and absurd result in some cases.

Under certain situations involving multiple plaintiffs in a single lawsuit, the aggregate jury award may exceed a rejected joint settlement offer (thus arguably requiring the assessment of double costs and additional interest to the plaintiffs as a whole), but the damages award received by an individual plaintiff may be lower than that which the defendant would have considered a proper settlement amount (a situation in which double costs and additional interest would not be appropriate). Extending the parameters of sec. 807.01(3) and (4), Stats., to include joint settlement offers might, therefore, unreasonably force defendants to settle a case because of the leverage exerted by the possibility of an aggregate judgment in excess of the joint settlement offer even though, as to individual plaintiffs in the lawsuit, a settlement offer would have been legitimately rejected.

Such a construction would greatly overstep the purpose of this legislation which is to *encourage* the settlement of cases that would otherwise be an unnecessary drain on judicial time and resources, but not to *force* settlement of lawsuits appropriately left for resolution by trial. Therefore, in keeping with the plain language of the statute and to avoid this potentially unreasonable consequence, we hold that the provisions of sec. 807.01

(3) and (4), Stats., do not apply to cases involving a joint offer of settlement made on behalf of individual plaintiffs.

## DAMAGES

The amount of damages awarded is primarily in the discretion of the jury. We will set aside a damages verdict only if it is so excessive as to indicate that the award resulted from passion, prejudice, corruption or total disregard of the evidence presented or the instructions submitted. *Ostreng v. Lowrey,* 37 Wis. 2d 556, 560, 155 N.W.2d 558, 559 (1968). If a trial court has approved a damages award over a claim of excessiveness, the issue is whether "there is any credible evidence that under any reasonable view supports the verdict and removes the issue from the realm of conjecture." *Coryell v. Conn,* 88 Wis. 2d 310, 315, 276 N.W.2d 723, 726 (1979). To overturn, we must be able to conclude that there is such a complete absence of proof that the verdict is based on speculation. *Id.*

In this case, the trial court concluded that the jury verdict was "amply and fully supported by credible evidence." At the hearing on motions after verdict, when considering the argument of excessiveness, the trial court stated:

[G]enerally speaking the jury in its answer did not follow either of the suggestions of counsel. I'm sure that is no reflection upon their forensic ability, but it does indicate they approached the problem from a fresh standpoint and apparently arrived at [a] determination they felt within the evidence to be realistic and the Court has examined them in some detail and . . . feels that the evidence and the trial certainly sustains them and they do not shock the Court's conscious [sic] with reference to the various amounts. The Court notes further the trial was solely on [the] basis of [the] question of damages

and we note particularly that they did in [the] Court's opinion sort out the various damages between the two minor children and the two parents who were recipients of the injuries . . . . The Court, therefore, really has no hesitancy of approving the verdict in its present form as being well within the evidence which was adduced at the time of trial and [the] Court's opinion [is that the jury's verdict] does not by its terms show any degree of adversity or prejudice in the matter.

Given the trial court's consideration and approval of the verdict, we conclude that General Casualty and the Kowalskis have not met the heavy burden needed to prove that the damages awards were excessive. Credible evidence exists to support the various awards.

*By the Court.*—Judgment affirmed.