Richard A. DeMars, Sandra DeMars, his wife, and Western Fire & Casualty Insurance Company, Plaintiffs-Appellants,

v.

Milton F. LaPour and The Milwaukee Insurance Company, Defendants,

Milton F. LaPour Land Company, Inc., a domestic real estate corporation, and Safeco Insurance Company, a foreign insurance corporation, Defendants-Respondents.

Supreme Court

*No. 84–1912. Argued April 2, 1985.—*
*Decided April 30, 1985.*

(Also reported in 366 N.W.2d 891.)

For the plaintiffs-appellants there were briefs by
*C. James Heft* and *Heft, Dye, Heft & Paulson, S.C.,*
Racine, and oral argument by *C. James Heft.*

For the defendants-respondents there was a brief by *Constantine, Christensen, Krohn & Kerscher, S.C.,* Racine, and oral argument by *Charles H. Constantine.*

WILLIAM G. CALLOW, J. This is an appeal from a judgment of the circuit court for Racine county denying plaintiffs' demand for double costs and settlement offer interest pursuant to sec. 807.01(3) and (4), Stats. Plaintiffs filed a petition to bypass the court of appeals, pursuant to sec. 808.05 and sec. (Rule) 809.60. We granted the petition to bypass. We affirm the judgment of the circuit court.

The issue presented on appeal is whether sec. 807.01 (3) and (4), Stats., requires each plaintiff to make an individual offer of settlement as a prerequisite to recovering double costs and interest under the statute or whether a joint settlement offer satisfies the requirement of the statute.

In June of 1980, Richard DeMars was seriously injured as a result of a fall while at work. On July 31, 1981, DeMars filed an action to recover for his personal injuries against the owner of the building in which the accident took place and its insurer. DeMars' wife also sought to recover for loss of society, companionship, and consortium of her husband. Western Fire & Casualty Insurance Company, the worker's compensation carrier for DeMars' employer, sought reimbursement from the defendants for the amounts it paid DeMars under its worker's compensation policy. An amended summons and complaint were filed on January 26, 1983.

On March 14, 1983, the plaintiffs served an amended offer of settlement on defendants. That offer stated:

"Pursuant to Sec. 807.01(3) [and] (4), the plaintiffs, RICHARD A. DEMARS, SANDRA DE MARS, and WESTERN FIRE & CASUALTY INSURANCE COM-

PANY, hereby offers to settle all causes of action against the defendants, MILTON F. LAPOUR, MILTON F. LAPOUR LAND COMANY, INC., and SAFECO INSURANCE COMPANY, for the total sum of $300,000.00."

The defendants did not accept the settlement offer. The matter was tried, and on June 2, 1984, the jury returned a verdict totaling $545,854.46.[1] Defendants were adjudged 60 percent negligent, making them responsible for $327,512.67. Judgment was entered on the verdict on September 13, 1984.

Because the total amount of the judgment was in excess of the joint settlement offer, the plaintiffs moved for the taxation of double costs and interest pursuant to sec. 807.01(3) and (4), Stats. The trial court denied plaintiffs' request for double costs and interest because the offer of settlement was a joint offer and not an individual offer as required by *White v. General Casualty Co. of Wisconsin,* 118 Wis. 2d 433, 348 N.W.2d 614 (Ct. App. 1984). The plaintiffs filed a notice of appeal on October 12, 1984.

Sec. 807.01, Stats., provides in part as follows:

**"807.01 Settlement offers.**

" . . .

"(3) After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs. If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

[1] The jury awarded $475,854.46 to Richard DeMars and $70,000 to Sandra DeMars.

"(4) If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8)."

The issue before us is whether a joint offer of settlement satisfies the requirements of the statute or whether the statute requires individual offers of settlement to be made by each plaintiff. Construction of a statute is a question of law, and this court need not give special deference to the determinations of the trial court. *Green Bay Redevelopment Authority v. Bee Frank*, 120 Wis. 2d 402, 409, 355 N.W.2d 240 (1984). The purpose of engaging in statutory interpretation is to ascertain and give effect to the intent of the legislature. When the language of the statute is ambiguous or unclear, this court will examine the scope, subject matter, and object of the statute to discern the legislative intent. We must interpret a statute in such a way as to avoid an absurd or unreasonable result. *Id.*

In denying plaintiffs' request for double costs and interest under sec. 807.01(3) and (4), Stats., the trial court relied upon the court of appeals' holding in *White v. General Casualty Company of Wisconsin, supra*. *White* is the only case which has dealt with the question of whether the requirements of sec. 807.01(3) and (4) are satisfied by a joint offer of settlement.

The *White* case arose out of an automobile accident in which four family members sustained personal injuries. Prior to trial the four plaintiffs tendered a joint offer of settlement in the amount of $96,319.26 to the defendants. 118 Wis. 2d at 435. The defendants rejected

the offer and requested that the offer be broken down individually among the four plaintiffs. The plaintiffs never submitted separate offers. The jury returned a special verdict awarding damages totaling $138,268.12. *Id.* at 436. The plaintiffs requested that the court award them double costs and interest under sec. 807.01(3) and (4), Stats. The trial court held that the statute was inapplicable to the case and denied plaintiffs' request. *Id.* at 436–37.

The court of appeals affirmed the trial court's judgment, stating that the plain language of the statute indicates that double costs and additional interest are recoverable only if an individual offer of settlement made by a single plaintiff or party is rejected by the defendant and that particular plaintiff or party subsequently is awarded a greater judgment. *Id.* at 438.

The court noted the general rule of statutory construction that singular terms in a statute include the plural, sec. 990.001(1), Stats.,[2] but declined to follow the rule, stating that to do so would lead to an unreasonable and absurd result in some cases and would be inconsistent with the intent of the statute. *Id.* at 439.

Finally, the court noted that the statutory construction advanced by the plaintiffs would greatly overstep the purpose of the legislation which is to encourage, but not to force, settlement of cases. *Id.*

The plaintiffs in the instant case urge this court to reject the holding in *White*. Plaintiffs contend that the court of appeals failed to anticipate the devastating effect the *White* holding would have on the trial bar. Plaintiffs argue that *White* unfairly places the burden on

[2] Sec. 990.001, Stats., states, in relevant part: "In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:

"(1) SINGULAR AND PLURAL. The singular includes the plural, and the plural includes the singular."

plaintiffs to bring about settlement and takes away the incentive for defendants to settle cases prior to trial.

As further support for their position, that joint settlement offers satisfy the requirements of sec. 807.01(3) and (4), Stats., plaintiffs cite the dissent in *Johnson v. Pearson Agri-Systems, Inc.,* 119 Wis. 2d 766, 786, 350 N.W.2d 127 (1984) (Callow, J., dissenting), which stated, "I believe that an extension of preverdict interest to include the period from the time of injury to the time a settlement offer is made under sec. 807.01 would further promote, rather than thwart, the settlement process."

Our first step in interpreting the statute is to look to the statutory language itself. The statute speaks in terms of "the plaintiff" serving a written offer of settlement and provides that, if the offer is not accepted and "the plaintiff" recovers a judgment which is more favorable than the amount specified in the offer of settlement, "the plaintiff" shall recover double the amount of taxable costs. Sec. 807.01(3), Stats. In addition, if an offer is not accepted and "the party" recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, "the party" is entitled to interest at the rate of 12 percent per annum from the date of the offer. Sec. 807.01(4).

■

The plain language of the statute indicates that separate offers of settlement must be made by each individual plaintiff. While it is true that sec. 990.001(1), Stats., provides that singular terms in statutes include the plural, the application of this rule is conditioned upon the requirement that it not produce a result inconsistent with the manifest intent of the legislature. In addition, this court must interpret statutes in such a way as to avoid absurd or unreasonable results.

The purpose of sec. 807.01, Stats., is to encourage settlement of cases prior to trial. *Graves v. Travelers Insurance Co.,* 66 Wis. 2d 124, 140, 224 N.W.2d 398 (1974). Defendants have an incentive to accept a reasonable offer of settlement because a plaintiff who is awarded a judgment which is more favorable than the terms of the settlement offer is entitled to receive double the amount of taxable costs, as well as 12 percent interest from the date of the settlement offer. When multiple plaintiffs each make individual offers of settlement, the defendant is able to evaluate each individual offer separately and decide whether or not to accept it. Individual offers facilitate allowing defendants to settle part of a case while proceeding to trial on other claims. When multiple plaintiffs make a joint offer of settlement, it becomes much more difficult for the defendant to evaluate the offer and reach a decision on whether to accept or reject it. As the court of appeals noted in *White,* in some cases involving multiple plaintiffs, the aggregate jury award might exceed a rejected joint settlement offer, but the damages awarded to one or more individual plaintiffs might be lower than the amount the defendant would have considered a proper settlement amount for that particular plaintiff. 118 Wis. 2d at 439. Construing sec. 807.01(3) and (4) to include joint settlement offers could exert unreasonable pressure on defendants to settle a case because of the leverage exerted by the possibility of an aggregate judgment in an amount greater than a joint settlement offer. The defendant in an action brought by multiple plaintiffs should be entitled to defend against the claim of each individual plaintiff, as it would against a claim filed by a single plaintiff, rather than be forced to defend against the aggregate of plaintiffs' claims. As the *White* court stated, allowing joint settlement offers could force defendants into settling

suits which would be more appropriately resolved at trial. Such a result would be inconsistent with the legislature's intent in enacting sec. 807.01, and could lead to absurd or unreasonable results.

Plaintiffs' reliance upon the statement in the dissent in *Johnson v. Pearson Agri-Systems, Inc., supra,* regarding awards of preverdict interest is misplaced. *Johnson* dealt with the propriety of awarding preverdict interest in cases where no offer of settlement had been made. Since *Johnson* did not involve a claim of entitlement to double costs or interest under sec. 807.01, Stats., it is simply inapposite to the present action.

Plaintiffs contend that it would have been extremely difficult, although not impossible, to break down the various plaintiffs' claims for purposes of the offer of settlement. We do not believe the burden of stating separate offers of settlement is so onerous that plaintiffs will be discouraged from making offers under sec. 807.01, Stats. The three plaintiffs in this action offered to settle their claims for a total of $300,000. If the defendants had accepted their offer, plaintiffs would have had to divide the $300,000 in a way acceptable to all three of them. If a breakdown of an aggregate settlement amount can be accomplished at the time a settlement award is paid, it can also be accomplished at the time the offer for settlement is made.

As an alternative to finding that joint offers of settlement satisfy the requirements of sec. 807.01, Stats., plaintiffs suggest that we hold that plaintiffs may initially tender joint offers of settlement and would later be required to break them down into individual offers if requested to do so by defendants. We find no merit in this suggestion. The plain language of the statute places the burden for serving offers of settlement on the plain-

tiff. The defendant's only duty is to accept the offer in writing within ten days after its receipt, if so desired. It would be contrary to the clear intent of the statute to allow plaintiff to serve a settlement offer which is less than specific and then require the defendant to ask the plaintiff to restate the offer with more specificity.

We hold that sec. 807.01(3) and (4), Stats., requires plaintiffs to serve individual offers of settlement as a prerequisite to recovering double costs and interest.

*By the Court.*—The judgment of the circuit court is affirmed.