Jeffrey KNOCHE, Plaintiff-Respondent, †

Thomas KNOCHE and Marilyn Knoche, Plaintiffs,

WISCONSIN PHYSICIANS SERVICE, Subrogated
Party,

v.

WISCONSIN MUTUAL INSURANCE COMPANY,
Defendant-Appellant,

Timothy STRACKA, Matthew Svensson, and Ameri-
can Family Mutual Insurance Company, Defendants.

Court of Appeals

*No. 88-1643. Submitted on briefs May 5,1989.—Decided July
26, 1989.*

(Also reported in 445 N.W.2d 740.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Randall Skiles,* and *Stern & Skiles,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Kent I. Carnell,* and *Lawton & Cates, S.C.,* of Madison.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J.   In this appeal of a damages judgment, we construe a pretrial settlement offer under sec. 807.01(3), Stats. We hold that the trial court correctly concluded that Jeffrey Knoche's pretrial settlement offer triggered Wisconsin Mutual Insurance Company's liability under sec. 807.01(3) for double taxable costs and, under sec. 807.01(4), for interest on the judgment from the date of the settlement offer. We also hold that the trial court correctly concluded that interest under sec. 807.01(4) is not an item of costs. We conclude, however, that Wisconsin Mutual is not liable for interest under sec. 807.01(4) on that part of the judgment discharged in the bankruptcy of its insured, Timothy Stracka. We therefore affirm the judgment in part and reverse in part and remand the cause to the trial court with directions to enter judgment against Wisconsin Mutual according to this opinion.

I.

In August 1978, Knoche was injured in a boating accident. He and his parents began this action against a number of defendants, including the operator of the

boat, Timothy Stracka, and Stracka's insurer, Wisconsin Mutual Insurance Company. Only Knoche and Wisconsin Mutual are involved in this appeal.

In May 1983, Stracka filed a bankruptcy petition and, ultimately, was discharged from Knoche's claim. The bankruptcy trustee, however, determined that a loan repayment by Stracka to his father was a preference and was an asset of the bankrupt's estate. The trustee allowed this action to proceed against Stracka with the proviso that the plaintiffs could not seek a judgment against him exceeding any applicable insurance and the assets in the bankruptcy estate.

In July 1985, Knoche served Wisconsin Mutual, Stracka, and the bankruptcy trustee with a settlement offer under sec. 807.01(3), Stats., which proposed to settle this action upon payment to him by Wisconsin Mutual of $95,000, plus costs, and payment to him of $15,000 from the bankruptcy estate. The offer was not accepted.

After a jury verdict favorable to Knoche, judgment was entered against the bankruptcy estate of Stracka for the amount of the verdict plus double taxable costs under sec. 807.01(3), Stats., and interest under sec. 807.01(4), less amounts paid by Wisconsin Mutual and by the subrogated party. Judgment was also entered against Wisconsin Mutual for its policy limits of $100,000, plus double taxable costs under sec. 807.01(3) and interest under sec. 807.01(4) on the amount recovered from the date of the settlement offer, less the amount already paid.

## II.

Knoche's settlement offer was as follows:

Plaintiff, Jeffrey Knoche, hereby offers, pursuant to sections 807.01(3) and 807.01(4), Wis. Stats., to settle the above-entitled action on the following basis:

(a) Payment by Wisconsin Mutual Insurance Company on behalf of Timothy Stracka and Wisconsin Mutual Insurance Company, the sum of $95,000, plus costs.

(b) Payment by Timothy Stracka, personally, from the assets of his bankruptcy estate, the sum of $15,000.

(c) Upon payment of the above amounts, the entire action shall be dismissed as to defendants, Timothy Stracka and Wisconsin Mutual Insurance Company . . ..

■

Wisconsin Mutual claims that the offer was ineffective under sec. 807.01(3), Stats.,[1] and sec. 807.01(4)[2]

---

[1]Section 807.01(3), Stats., provides:

After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs. If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

[2]Section 807.01(4), Stats., provides:

If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

because it could not be accepted by Wisconsin Mutual alone but was "linked" to acceptance by a non-party, Stracka's trustee in bankruptcy. We conclude that the offer could have been accepted by Wisconsin Mutual so as to prevent its liability for double costs and interest. The purpose of sec. 807.01 would have been satisfied. "The purpose of sec. 807.01, Stats., is to encourage settlement of cases prior to trial." *DeMars v. LaPour,* 123 Wis. 2d 366, 373, 366 N.W.2d 891, 894 (1985).[3]

If Wisconsin Mutual had accepted Knoche's offer, it would not have been liable for double costs under sec. 807.01(3), Stats., or for interest under sec. 807.01(4). Liability for double costs under sec. 807.01(3) is triggered only "[i]f the offer of settlement is not accepted." Liability for interest under sec. 807.01(4) is triggered only "[i]f there is an offer of settlement by a party under this section which is not accepted."

It is plain that Wisconsin Mutual was not disposed to settle Knoche's claim for $95,000. It did not file an acceptance of the offer with the clerk of court as provided by sec. 807.01(3). It chose to litigate vigorously its insured's negligence. It lost. It would be contrary to the purpose of sec. 807.01 to allow it to escape the consequences of its choice.

---

[3]Because the settlement offer was contingent on two conditions, had Wisconsin Mutual accepted the offer but the trustee refused it, the case would have been tried. Wisconsin Mutual would not then have been liable for double costs and interest because the purpose of sec. 807.01, Stats., would have been satisfied.

## III.

Wisconsin Mutual claims that, in any event, it is liable under its contract only for interest from the date of judgment, not from the date of the settlement offer. Wisconsin Mutual agreed to pay "[a]ll interest on the entire amount of any judgment which accrues after entry of the judgment." We agree that this language does not obligate Wisconsin Mutual to pay interest under sec. 807.01(4), Stats., from the date of the settlement offer. Its obligation to pay interest under sec. 807.01(4) is not, however, limited by its contract. Section 807.01 applies to an insurance company which is sued directly under sec. 632.24, Stats. The purpose of sec. 807.01, to encourage settlement of cases prior to trial, would be subverted if the liability insurer could, by contract, free itself from the application of secs. 807.01(3) and 807.01(4). The trial court did not err in computing Wisconsin Mutual's interest liability from the date of the settlement offer.

## IV.

Wisconsin Mutual further contends that the trial court erred in computing its interest liability on that portion of the judgment which had been discharged in Stracka's bankruptcy. We agree.

Knoche acknowledges that the plaintiffs could not seek to collect a judgment against Timothy Stracka in excess of any applicable insurance and the assets in the bankruptcy estate.[4] Therefore, to the extent that judgment was entered against Stracka's bankruptcy estate in

---

[4]We assume that the bankruptcy court entered an order to this effect, although there is no order in the record.

excess of Wisconsin Mutual's policy limits and the assets of the bankruptcy estate specifically made applicable to this action, the judgment is a nullity. Section 807.01(4), Stats., applies only to valid judgments. Upon remand, therefore, the trial court shall enter a new judgment which shall include interest against Wisconsin Mutual on its policy limits and the asset of the bankruptcy estate which is available to pay Knoche's claim.

Wisconsin Mutual is liable for interest on the asset in the bankruptcy estate because under its contract it is liable for interest on the entire amount of the judgment. *McPhee v. American Motorists Ins. Co.*, 57 Wis. 2d 669, 205 N.W.2d 152 (1973), construed language almost identical to the interest obligation language of Wisconsin Mutual's policy and concluded that such language created liability upon the insurer for interest upon the entire amount of the judgment. Wisconsin Mutual's interest liability is, however, limited to that part of the judgment which is enforceable against it and its insured.

## V.

■

Knoche next argues that the interest payable under sec. 807.01(4), Stats., is also recoverable under that provision of Wisconsin Mutual's policy which obligates Wisconsin Mutual to pay "all costs taxed against the insured." We hold that the trial court correctly concluded that interest under sec. 807.01(4) is not an item of costs. Section 814.04, Stats., enumerates taxable costs. Section 814.04(4) provides:

> Except as provided in s. 807.01(4), if the judgment is for the recovery of money, interest at the rate of 12% per year from the time of verdict, decision or report until judgment is entered shall be computed by the clerk *and added to the costs.* [Emphasis added.]

Section 807.01(4), Stats., provides that "[i]nterest under this section is in lieu of interest computed under [s.] 814.04(4)." Thus, interest under sec. 807.01(4)) is not included in interest computed by the clerk and added to the costs under sec. 814.04(4). Interest computed under the latter section is added to the costs but is not an item of costs. *Nichols v. United States Fidelity & Guaranty Co.*, 13 Wis. 2d 491, 501, 109 N.W.2d 131, 136 (1961). We find no statute which alters this holding as to interest under sec. 807.01(4).

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded with directions.