Thomas W. NELSON, American Family Mutual
Insurance Company and Wisconsin Physicians Service
Insurance Corporation, Plaintiffs-Respondents,†

v.

John L. McLAUGHLIN and Mutual Service Casualty
Company, Defendants-Appellants.††

Court of Appeals

*No. 95–3391. Submitted on briefs August 20, 1996.—Decided
October 15, 1996.*

(Also reported in 556 N.W.2d 130.)

†Petition to review granted.
††Petition to cross-review denied.

On behalf of defendant-appellant John L. McLaughlin, the cause was submitted on the briefs of *Larry Schifano* of *Thrasher, Doyle, Pelish & Franti, Ltd.* of Rice Lake.

On behalf of defendant-appellant Mutual Service Casualty Insurance Company, the cause was submitted on the briefs of *Terrance E. Davczyk, Jeffrey A. Schmeckpeper* and *Christine D. Bakeis* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

On behalf of plaintiff-respondent Thomas W. Nelson, a brief was filed by *Toby E. Marcovich* and *George L. Glonek* of *Marcovich, Cochrane & Milliken* of Superior.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  John L. McLaughlin and his insurer, Mutual Service Casualty Company, appeal the trial court's judgment based upon a jury verdict finding McLaughlin liable for injuries suffered by Thomas W. Nelson and from the subsequent denial of his motions for relief. McLaughlin argues that there is insufficient

evidence in the record to sustain a finding of liability. Mutual Service also appeals that part of the judgment holding it liable for penalty interest[1] on the entire $500,000 damage verdict rather than just on its $100,000 policy limits after it rejected an offer of settlement. We find sufficient credible evidence in the record to affirm the judgment; however we reverse the order imposing 12% penalty interest on Mutual Service on the entire verdict based upon our previous holding in *Blank v. USAA Prop. & Cas. Ins. Co.*, 200 Wis. 2d 270, 546 N.W.2d 512 (Ct. App. 1996).

McLaughlin's vehicle struck Nelson's truck from behind in May of 1990. Upon impact, Nelson's head was thrust backward and made contact with the truck's rear window. Within days, Nelson was experiencing pain in his neck and lower back. Nelson sought treatment for his pain from a number of chiropractors and physicians, ultimately receiving surgical treatment in 1993. Nelson sued McLaughlin, alleging damages for pain and suffering, medical expenses incurred and loss of wages. McLaughlin conceded liability, but contested Nelson's computation of damages. Before trial, Nelson offered to settle the entire litigation for Mutual Service's $100,000 per person policy limits. Mutual Service did not accept this offer. After a trial on damages, the jury awarded over

---

[1] We use the term "penalty interest" to refer to interest imposed by the operation of § 807.01(4), STATS.

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

$500,000 in damages. McLaughlin now challenges this verdict, claiming it has insufficient evidentiary support.

In addition to judgment on the verdict, the court imposed 12% penalty interest on Mutual Service on the entire damage amount. On appeal, Mutual Service claims that § 807.01(4), STATS., does not allow a court to impose penalty interest on an insurer on that part of the verdict above its policy limits.

McLaughlin first challenges the sufficiency of the evidence to sustain the verdict. When reviewing a jury verdict, we determine only whether there is any credible evidence on which the jury could have based its decision. *Fehring v. Republic Ins. Co.*, 118 Wis. 2d 299, 305, 347 N.W.2d 595, 598 (1984), *overruled on other grounds by DeChant v. Monarch Life Ins. Co.*, 200 Wis. 2d 559, 576-77, 547 N.W.2d 592, 598-99 (1996). When the verdict has the trial court's approval, the judgment is entitled to even greater deference. *Id.* In addition, the evidence is to be viewed in the light most favorable to sustain the verdict, and when more than one inference can be drawn from the evidence, the reviewing court must accept the inference drawn by the jury. *Id.* at 305-06, 347 N.W.2d at 598. The appellate court will not look for evidence for a verdict the jury could have, but did not, reach. *Id.* at 306, 347 N.W.2d at 598.

McLaughlin's argument focuses upon Nelson's 1993 surgery. McLaughlin asserts that the surgery was not performed to alleviate symptoms caused by the accident but rather was performed to alleviate symptoms of Schurmann's disease, a preexisting degenerative condition. McLaughlin therefore claims that the jury could not consider changes in Nelson's

condition due to the surgery when determining damages.

Richard E. Freeman, M.D., initially saw Nelson in 1993, over two years after the accident, and recommended surgery to alleviate Nelson's symptoms. Freeman testified that his decision to recommend surgery was based in part on the results of a 1992 MRI that revealed lumbar-disc degeneration. It is undisputed that Nelson had Schurmann's disease prior to the accident. However, Freeman testified that Nelson was asymptomatic of the disease prior to the accident and that the accident aggravated and accelerated the symptoms of the disease. Freeman also testified that absent the accident, Nelson would have continued to be asymptomatic, perhaps forever, and could continue to work and lead a normal lifestyle. Furthermore, Nelson himself testified that before the accident he was able to work, jog, scuba dive and bowl without pain, but subsequent to the accident experienced pain while participating in all of these activities.

Freeman also testified that he recommended the surgery in part due to Nelson's left-leg discomfort. McLaughlin contends that Nelson's left-leg pain was not caused by the accident because Nelson did not complain of pain in that area immediately following the accident. Nelson testified that he was unsure exactly when he first experienced pain in his left leg. He testified that this pain "developed after . . . a certain amount of time, it wasn't right away like the rest of" his symptoms. Nelson claimed that shortly after the accident he experienced pain when "standing for any length of time" and to alleviate this pain he had to pick up his left foot. When asked whether the pain he felt right after the accident was in his right or left leg,

Nelson answered: "The left. This thigh was dead like a couple days after . . . ." Finally, Nelson unequivocally testified later that "[t]he left toe was dead" within a week after the accident.

David Ketroser, M.D., testifying for the defense, claimed that Nelson's preexisting condition, and not the 1990 accident, created the medical condition for which Nelson required surgery. Ketroser points to back pain Nelson suffered in the early 1980s as evidence of this condition. However, Nelson himself testified that the pain he experienced beginning immediately after the accident was different in kind and severity from the pain he experienced prior to the accident. We conclude that the above conflicting testimony, taken together with reasonable inferences and viewed in a light favorable to the verdict, provides sufficient evidence to sustain the jury verdict.[2]

Mutual Service next challenges the trial court's order holding it liable for penalty interest on the entire verdict pursuant to RULE 807.01(4), STATS. There is no dispute in this case that Nelson's pretrial offer of settlement complied with RULE 807.01(3). There is also no dispute that Nelson is entitled to penalty interest on the entire verdict. The only issue is who is liable for what portion of that interest. Mutual Service claims

---

[2] McLaughlin asserts that, as a matter of law, the jury could not consider the testimony of chiropractors Webster Hansen and Daniel Dock as their testimony relates to Nelson's surgery because chiropractors are unqualified to testify as to the causal relationship between an accident and surgery. *See Green v. Rosenow*, 63 Wis. 2d 463, 217 N.W.2d 388 (1974). Because we conclude that there is sufficient evidence in the record to sustain the verdict even without the testimony of these experts, we decline to address this issue.

that under RULE 807.01, it is only liable for interest on its policy limits, and that McLaughlin is personally liable for interest on that portion of the verdict above the policy limits.[3]

This case presents a question of statutory construction that this court reviews independently of the trial court. *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). The purpose of statutory construction is to achieve a reasonable construction that will effectuate the legislature's intent. *Dewey v. Dewey*, 188 Wis. 2d 271, 274, 525 N.W.2d 85, 90 (Ct. App. 1994).

We agree with Mutual Service that *Blank* is controlling.[4] In *Blank*, we determined that RULE 807.01, STATS. was ambiguous with regard to this issue and therefore inquiry into the section's purpose was appropriate. We noted that the purpose of RULE 807.01 is to encourage pretrial settlement and avoid delays. *Blank*, 200 Wis. 2d at 279, 546 N.W.2d at 516, citing *Howard v. State Farm Mut. Auto Liab. Ins. Co.*, 70 Wis. 2d 985, 995, 236 N.W.2d 643, 647-48 (1975). However, we also noted that a construction of that section that

_____

[3] Nelson suggests that Mutual Service has not retained separate counsel to represent McLaughlin's interests regarding the allocation of responsibility for the RULE 807.01(4), STATS., penalty interest. Whether a conflict of interest exists between McLaughlin and his insurer so as to entitle him to separate counsel is not an issue in this appeal.

[4] Nelson cites *Knoche v. Wisconsin Mut. Ins. Co.*, 151 Wis. 2d 754, 445 N.W.2d 740 (Ct. App. 1989), for the proposition that an insurer may be held liable for penalty interest on portions of the verdict beyond its policy limits pursuant to § 807.01(4), STATS. That question was not before the court in *Knoche*, and we do not believe that case resolved the issue.

would tend to force settlements, rather than merely encourage them, would be improper. *Id.* at 280, 546 N.W.2d at 516, citing *White v. General Cas. Co.*, 118 Wis. 2d 433, 439, 348 N.W.2d 614, 617 (Ct. App. 1984). We concluded that to hold that a plaintiff may collect interest from an insurer on portions of the verdict not recovered from the insurer would have the effect of forcing settlements upon those parties. This was especially true "[w]here the insurer provides modest policy limits, where the insured's liability is fairly debatable or even highly debatable, [or] where the damages are manifestly immense . . . ." *Id.* Thus, we concluded that RULE 807.01 merely allows a trial court to impose interest against a party on the "amount recovered" against that party. *Id.*

Applying *Blank* to this case, we conclude that the trial court improperly awarded interest on the entire verdict against Mutual Service.[5] We therefore reverse that order and remand to the trial court for a recalculation of the interest imposed by RULE 801.01(4), STATS., on Mutual Service's policy limits.[6]

[5] Nelson asserts that it would be inequitable to allow Mutual Service to escape liability for penalty interest on the entire verdict. Nelson presumably makes this argument because McLaughlin is otherwise personally liable for the majority of the penalty interest, from whom collection might ultimately prove difficult.

[6] Because we agree with Mutual Service's argument that RULE 807.01(4), STATS., prevents the trial court from imposing penalty interest against it on the entire verdict, we find it unnecessary to address Mutual Service's argument that its contract with McLaughlin denied coverage for penalty interest on amounts above the policy limits. Nelson does not contend that Mutual Service' policy provides for payment of penalty interest on an excess judgment.

*By the Court.*—Judgment affirmed; order reversed and remanded. No costs on appeal.